Alvin Hawkins, J.,
delivered tlie opinion of tlie Court.
On the 3rd of July, 1867, G. W. Meadows, adm’r of Joseph Graff, deceased, and others, filed their bill in the Chancery Court, at Huntingdon, against the State of Tennessee.
To this bill the defendant filed a demurrer, which was allowed, with leave to the complainants to amend their bill.
On the 9th September, 1867, the State of Tennessee filed her bill in said Court against G. W. Meadows, adm’r of Graff and others.
At the Eebruary Term, 1868, an order was made that these causes be consolidated and heard together.
Both parties proceeded to take proof; and, at the August Term, 1869, the causes came on for hearing, when both parties announced themselves ready. Thereupon the State, by her Solicitor, moved the Court, “That a jury be empaneled to try and find upon the following facts:
“ 1st. Whether or not Joseph Graff was a foreigner, and died leaving issue in the United States of America capable of inheriting his estate.
“ 2nd. Whether or not the estate of the said Graff is indebted to the defendant, G. W. Meadows, in any sum; if so, to what amount.
“3rd. Whether or not the estate of the said Joseph Graff is indebted to the defendant, B. P. . Clayton, in any sum, and if so, to what amount.”
Which motion was allowed.
The Chancellor then directed that the issues of *418 fact be so drawn that the State aver the matters and things contained in the first proposition to be true, and the defendants aver the matters and things contained in the second and third propositions, to be true. And thereupon, under the directions of the Court, the folloAving aver-ments were drawn, to be determined by the j ury:
“1st. The complainant avers that the intestate, Joseph Graff, was a foreigner; and that he died in Carroll Co., Tennessee, leaving no relations in the United States of America capable of inheriting his estate.
“2nd. The defendants aver that the estate of Joseph Graff is indebted to the defendant, G. W. Meadows, in the sum of one thousand dollars, by account.
“3rd. Defendants aver that the estate of Joseph Graff is indebted to the defendant, B. F. Clayton, in the sum of one thousand dollars, due by account; and that said estate is indebted to said Clayton in the further sum of six hundred dollars, with interest from the 16th day of May, 1867, due by note, executed by said Graff to ¥m. P. Sharp, and by him transferred to said Clayton.”
Upon these issues the parties went to trial, (the Solicitors for defendants announcing that they wished to be considered as excepting to every step in the cause.)
A jury was empanelled, who, by their verdict, found that Joseph Graff was a foreigner, etc.; that his estate was indebted to the defendant, Meaders, in the sum of $143, due by account; and that it was not indebted to the defendant, Clayton, in any sum by account, but that it was indebted to him by note in the sum of $600, and the further sum of $116 interest thereon.
*419 The cause then coming on to be further heard,, the Chancellor directed a reference to the Master to take proof and report to the next term:
1st. As to the assets belonging to the estate of Graff.
2nd. As to the liabilities of said estate.
3rd. As to the amount -with which the Administrator should be charged.
4th. As to the amount with which he should be credited.
From this decree the defendants prayed an appeal to this Court, which was granted upon condition that they enter into bond within thirty days from the adjournment of the Court.
The bond was given as required.
The counsel for the State now moves to dismiss the appeal upon the ground that the same is unauthorized and has been erroneously granted.
The counsel for the appellant insists that the appeal is authorized by section 3157 of the Code.
That section provides that the Chancellor may, in his discretion, allow an appeal from his decree, determining the principles involved, and ordering an account or a sale or partition before the account is taken or the sale or partition is made; or he may allow such appeal on overruling a demurrer; or he may allow any party to appeal from a decree which settles his right, although the case may not be disposed of as to others.
The general rule is, that an appeal will lie only from a final decree.
It is not pretended that the decree from which the appeal has been taken in this cause, is final.
*420 And the question, then is: Does it belong to either class embraced within the exceptions to this general rule made by the statute?
We think it does not. Although it orders an account, yet it determines no principle involved. It does not settle or declare the rights or liabilities of any of the parties. In fact, it settles nothing. It does not even so much 'as declare the rights of the parties as found by the jury.
The result is, the motion must be allowed. The appeal will be dismissed, and the cause remanded.